IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TERRELL E. LEWIS, ) <br> ) <br> Defendant. ) | Criminal Action No. <br> 14-00236-01-CR-W-BCW |

**REPORT AND RECOMMENDATION TO FIND DEFENDANT'S
DOUBLE JEOPARDY CLAIM FRIVOLOUS
AND
ORDER DENYING DEFENDANT'S MOTION TO STAY**

Before the court is defendant's motion to stay all district court proceedings until an interlocutory appeal is concluded. For the following reasons, I recommend that the District Court make a written finding that with regard to defendant's notice of interlocutory appeal, defendant's double jeopardy claim is frivolous.

On February 21, 2016, the court entered an Order adopting a Report and Recommendation and denying defendant's motion to dismiss. On February 28, 2016, defendant filed a notice of interlocutory appeal based on a violation of double jeopardy. The following day, he filed a motion to stay all further district court proceedings until the interlocutory appeal is concluded. Currently defendant is set for a pretrial conference on March 9, 2016, and his criminal trial is set on the trial docket commencing March 21, 2016.

Title 28, United States Code, Section 1291 states as follows:

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District

of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

In <u>Abney v. U.S.</u>, 431 U.S. 651 (1977), the defendant was charged in one count with conspiracy to commit a Hobbs Act robbery and attempt to commit a Hobbs Act robbery. The trial court instructed the jury that all elements of both offenses must be proven in order to convict on this one count, and Abney was convicted. On appeal, the conviction was reversed on other grounds and, because a new trial was granted, the court of appeals directed the government to elect either conspiracy or attempt, without having addressed the merits of the government's argument that the jury instruction cured any duplicity issue. On remand, the government elected to proceed on the conspiracy charge, and Abney moved to dismiss the indictment on double jeopardy grounds. The district court denied the motion and Abney took an interlocutory appeal. The government challenged the jurisdiction of the court of appeals; however, the court of appeals ruled on the merits without addressing the government's jurisdictional challenge.

The Supreme Court granted certiorari to address the issue of whether a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds is a final decision within the meaning of 28 U.S.C. § 1291 and thus immediately appealable.

> We approach the threshold appealability question with two principles in mind. First, it is well settled that there is no constitutional right to an appeal. <u>McKane v. Durston</u>, 153 U.S. 684 (1894). Indeed, for a century after this Court was established, no appeal as of right existed in criminal cases, and, as a result, appellate review of criminal convictions was rarely allowed. As the Court described this period in <u>Reetz v. Michigan</u>, 188 U.S. 505, 508 (1903):

> [T]rials under the Federal practice for even the gravest offences ended in the trial court, except in cases where two judges were present and certified a question of law to this court.
>
> The right of appeal, as we presently know it in criminal cases, is purely a creature of statute; in order to exercise that statutory right of appeal one must come within the terms of the applicable statute in this case, 28 U.S.C. § 1291.

Abney v. United States, 431 U.S. at 656 (footnote omitted).

There is a firm policy disfavoring interlocutory appeals. United States v. MacDonald, 435 U.S. 850, 853 (1978). Finality of judgment has been required as a predicate for federal appellate jurisdiction. Abney v. United States, 431 U.S. at 656. Adherence to this rule of finality has been particularly stringent in criminal prosecutions because the delays and disruptions attendant upon intermediate appeal which the rule is designed to avoid "are especially inimical to the effective and fair administration of the criminal law." Id at 657, quoting DiBella v. United States, 369 U.S. 121, 126 (1962).

The Supreme Court recognized that denial of a motion to dismiss an indictment on double jeopardy grounds is not "final" in the sense that it terminates the criminal proceedings in the district court. Abney v. United States, 431 U.S. at 657. However, in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), the Supreme Court had held that for purposes of § 1291, a "final" order need not terminate an action. The term "final" was to be given a practical rather than a technical construction; and factors to be considered in making that practical determination include (1) whether the district court's order fully disposes of the question, (2) whether the issue resolved was completely collateral to the cause of action asserted, and (3) whether the decision involved an important right which would be lost, probably irreparably, if review had to await final judgment. Abney v. United States, 431 U.S. at 658.

In finding that an order denying a motion to dismiss based on double jeopardy does fall within the collateral order exception, the Court stated:

> Although it is true that a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds lacks the finality traditionally considered indispensable to appellate review, we conclude that such orders fall within the "small class of cases" that Cohen has placed beyond the confines of the final-judgment rule. In the first place there can be no doubt that such orders constitute a complete, formal, and, in the trial court, final rejection of a criminal defendant's double jeopardy claim. There are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred by the Fifth Amendment's guarantee. Hence, Cohen's threshold requirement of a fully consummated decision is satisfied.
>
> Moreover, the very nature of a double jeopardy claim is such that it is collateral to, and separable from the principal issue at the accused's impending criminal trial, i. e., whether or not the accused is guilty of the offense charged. In arguing that the Double Jeopardy Clause of the Fifth Amendment bars his prosecution, the defendant makes no challenge whatsoever to the merits of the charge against him. Nor does he seek suppression of evidence which the Government plans to use in obtaining a conviction. Rather, he is contesting the very authority of the Government to hale him into court to face trial on the charge against him. The elements of that claim are completely independent of his guilt or innocence. . . .
>
> Finally, the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment, as the Government suggests. However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense.

Abney v. United States, 431 U.S. at 659-661 (citations and footnotes omitted).

Not all double jeopardy claims are immediately appealable, however, and the filing of a notice of appeal from the denial of a double jeopardy motion does not automatically divest the district court of jurisdiction. United States v. Grabinski, 674 F.2d 677, 679 (8th Cir.) (en banc) (per curium), cert. denied, 459 U.S. 829 (1982). The

4

denial of a motion to dismiss on double jeopardy grounds may be raised in an interlocutory appeal only if the defendant has made a colorable showing of previous jeopardy and that the threat of repeated jeopardy exists. United States v. Brown, 926 F.2d 779, 781 (8th Cir. 1991). In United States v. Grabinski, 674 F.2d at 679, the Eighth Circuit directed district courts to make a written finding of whether a double jeopardy claim is frivolous or nonfrivolous (i.e., colorable), with a "frivolous" finding to be followed by expedited review on appeal during which the court of appeals should dismiss the appeal for lack of jurisdiction if it agrees with the frivolousness finding. See also United States v. Ivory, 29 F.3d 1307, 1310 (8th Cir. 1994).

In this case, defendant was charged with Hobbs Act robberies and firearms offenses. Pursuant to a plea agreement, defendant pled guilty to some of those counts and agreed to testify in a state murder trial in exchange for a reduced sentence on the counts to which he pled guilty and dismissal of the remaining counts. Defendant subsequently refused to testify, and he was reindicted on the counts that had been dismissed pursuant to the plea agreement. Defendant's motion to dismiss the subsequent indictment was denied.

The first observation with respect to whether a colorable claim of double jeopardy exists is the fact that nowhere in the Order (or the Report and Recommendation which it adopts) does the phrase "double jeopardy" appear. Therefore, there has been no district court ruling rejecting a claim of double jeopardy.

Second, the Supreme Court in Ricketts v. Adamson, 483 U.S. 1 (1987), rejected a claim of double jeopardy on nearly identical grounds. In that case, Adamson and two others were charged with first degree murder. Pursuant to a plea agreement Adamson

5

pled guilty to a reduced charge in exchange for his testimony against the others, who were subsequently convicted. After Adamson was sentenced, the court of appeals reversed the conviction of his codefendants. Adamson refused to testify at the retrial, reasoning that his obligation to cooperate ended at the time of sentencing. The government filed a new information charging Adamson with first degree murder. He filed a motion to quash the information on double jeopardy grounds, which was denied. He was ultimately convicted of first degree murder and sentenced to death.

In the federal habeas case, the Court of Appeals held that Adamson's protection against double jeopardy had been violated, and the case thereafter went to the Supreme Court. The Supreme Court assumed that jeopardy attached when Adamson was sentenced on the original reduced charge of second degree murder, and that second degree murder is a lesser included offense of first degree murder. Id. at 8. The Court then held that permitting the government to enforce the plea agreement the parties actually made did not violate the Double Jeopardy Clause, because the plea agreement specifically stated that if Adamson refused to testify, the plea agreement was void. Id. at 9, 12. The Court found this a waiver of double jeopardy.

In this case, defendant Terrell Lewis entered into a plea agreement which provided that "Failure to continue to cooperate after a sentence is imposed constitutes a basis to void this agreement by the United States and will allow the Government to re-institute charges that were previously dismissed pursuant to this agreement." In accordance with the holding of Ricketts v. Adamson, I find that this provision of the plea agreement constitutes a waiver of double jeopardy. In addition, the charges brought in the subsequent indictment in this case are not the same charges defendant was

6

sentenced for in his earlier prosecution, unlike the situation in Adamson where the defendant was facing the very same charge for which he had previously been sentenced. Therefore, no valid claim of double jeopardy exists here.

An order denying a motion to dismiss for breach of a plea agreement is not a final appealable order. United States v. Ledon, 49 F.3d 457, 459-460 (8th Cir. 1995).

Because defendant has failed to make a colorable showing of previous jeopardy and that the threat of repeated jeopardy exists, the collateral order exception does not apply.

Therefore, it is

RECOMMENDED that the court, after an independent review of the pleadings, evidence, and applicable law, make a written finding that with regard to defendant's notice of interlocutory appeal, defendant's double jeopardy claim is frivolous.

It is

ORDERED that defendant's motion to stay all further District Court proceedings pending resolution of the interlocutory appeal is denied.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has 14 days from the date of this report and recommendation to file and serve specific objections unless an extension of time for good cause is obtained.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 3, 2016